IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMMIE JERMAINE SHIELDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-805-E-BN |
| | § | |
| UNKNOWN JUDGE, 301st DISTRICT COURT, ET AL., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jammie Jermaine Shields filed a *pro se* amended complaint against three Dallas County state judges and a district court clerk. *See* Dkt. No. 5. After the Eastern District of Texas transferred his case to this district, *see* Dkt. No. 6, it was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

The Court has granted Shields leave to proceed *in forma pauperis* ("IFP"). And, while his factual allegations are thin, he appears to allege that state court proceedings in 2003 and 2016 "deprived [him] of guaranteed rights." Dkt. No. 5.

A district court may summarily dismiss a complaint filed IFP if it concludes that the action:

 (i) is frivolous or malicious;
 (ii) fails to state a claim on which relief may be granted; or
 (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of Shield's factually-plausible allegations against the judges he has sued reflect that any judge acted outside a judicial capacity. Such claims are therefore barred by absolute judicial immunity and should be dismissed with prejudice.

Similarly, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's

discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. June 1981)). This quasi-judicial immunity extends to deputy clerks of court when they act as "explicitly commanded by a court decree or by the judge's instructions." *Id.* at 682. And the United States Court of Appeals for the Fifth Circuit has extended this doctrine to clerks of court who act under the directives and orders of the court. *See Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. 2006) (per curiam).

Even if the Court construes Shields's allegations against the district clerk liberally, Shields has not complained of any action by this defendant that is "nonjudicial in nature," and the claims against district clerk should also be dismissed with prejudice as frivolous. *Boyd*, 31 F.3d at 285.

**Recommendation**

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 16, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE